**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FOZIL ORTIKBOEV,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**ROBERT CERNA,**<br>**ICE Field Office Director, Dallas,**<br>**Enforcement and Removal Operations,**<br>**U.S. Immigration and Customs**<br>**Enforcement, et al.,**<br><br>**Respondents.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. CIV-26-1139-G** |

# ORDER

Petitioner Fozil Ortikboev filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). Certain Respondents have filed an Answer (Doc. No. 8), and Petitioner has replied (Doc. No. 9).[1]

## *I. Background*

Petitioner is a citizen of Uzbekistan who entered the United States on or before March 11, 2022. Pet. ¶¶ 2, 19; Doc. No. 8-2. He was detained by DHS, placed into removal proceedings, and thereafter released into the United States on his own recognizance pursuant to 8 U.S.C. § 1226. Pet. ¶ 2.

---

[1] The answering Respondents are Field Office Director Cerna, United States Attorney General Todd Blanche, and Markwayne Mullin, Secretary of U.S. Department of Homeland Security ("DHS").

On or about May 13, 2026, Petitioner was arrested while driving a work truck and placed into ICE custody. Pet. ¶ 5; Doc. No. 8-1. Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. ¶ 6.

*II. Discussion*

*A. Petitioner's Claims and Respondents' Answer*

Petitioner asserts that Respondents' continued detention of him without a bond hearing violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and his right to due process. *See* Pet. ¶¶ 48-55. Petitioner seeks habeas relief in the form of immediate release. *See id.* at 13.

Invoking multiple statutory interpretation arguments that have been previously detailed by this Court and others, Respondents argue in relevant part that DHS is properly detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A). Answer at 7-10; *see Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *2-3 (W.D. Okla. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-40 (10th Cir. 2026).

*B. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)*

Following submission of the Answer and Reply, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239-40. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding

that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' position is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Pet. ¶ 5; *see Santillan Quiroz*, 180 F.4th at 1233-34. And as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1233-34; *see* Pet. ¶¶ 7-9. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13. Given this determination, the Court need not address Petitioner's remaining claims for relief. *See Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 & n.2 (W.D. Okla. July 14, 2026).[2]

*C. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs, *see* Pet. at 13. The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th

---

[2] Respondents also argue that Petitioner's INA violation claim "is barred by the jurisdiction stripping provision of the INA," depriving this Court of jurisdiction. Answer at 7-8 (citing 8 U.S.C. §§ 1226(e), 1252(a)(5), (b)(9), (g)). Because Petitioner claims that Respondents are violating the INA by unlawfully detaining him pursuant to § 1225(b)(2)(A), Petitioner "challenges one of the many . . . decisions or actions that may be part of the deportation process" "to which § 1252(g) is inapplicable." *Munoz*, 2026 WL 2200433, at *2 (internal quotation marks omitted); *see Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023).

Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's INA claim.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's remaining claims for relief are DISMISSED without prejudice.

3. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

4. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 25th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge